NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

THOMAS GORMAN, petitioner,

*v.*

CURTIS-WARNER CORPORATION, respondent.

**Injury to Foot—Case Reported, Iodine Applied and Work Resumed—Pneumonia Developed and Finally Gangrene, Resulting in Amputation.**

On statement of facts, determination and order.

*Mr. Henry Carless,* for the petitioner.

*Messrs. Edwards & Smith* and *Emile Niblo,* for the respondent.

. * * * 3. The said Thomas Gorman, on the said 18th day of January, 1924, was in the employ of the respondent as a carpenter at the wages of $55 per week, and was engaged in the erection of a building at Clinton avenue, in the city of Newark, and while engaged in said occupation a piece of timber four inches by four inches and about twelve feet long fell on petitioner's left foot near the great toe. Said accident arose out of and the course of his employment with the respondent.

4. Mr. A. E. Leadbeater, the superintendent of the respondent, testified that Frank Caprino was the timekeeper and the person to whom accidents to employes while working for respondent should be reported. The petitioner testified that immediately after the accident he went to the timekeeper at his office or shanty and reported the accident. That

his left foot near the great toe was bruised and the skin ruffled, and that iodine was applied. George Beck, a fellow-employe, testified that he saw the accident happen and saw the petitioner go to the timekeeper's office or shanty. These facts were not denied. The timekeeper stated that he, since making a prior statement, remembered that the petitioner came to him and that iodine was placed on his left foot; that he asked petitioner if he should make out a report, and the petitioner said he did not think his injury was serious. I further find and determine that the said respondent had actual knowledge of said accident on the day of the happening thereof.

5. The petitioner continued working for the respondent until the 9th day of February, 1924. During that time he suffered pain in the left foot, followed by a coldness and numbness so noticeable that at nighttime he could not keep his foot warm, and on several occasions placed his foot inside the oven of a kitchen stove to induce warmth in foot. On February 10th he became sick, which developed into pneumonia, and on February 14th, 1924, was taken to St. Michael's Hospital, in the city of Newark. When he entered the hospital he complained about a coldness and numbness in his left foot. On February 18th, 1924, while in the said hospital, gangrene developed in the great and first toe of petitioner's left foot, which I find and determine resulted from the said accident and injury, which occurred January 18th, 1924.

6. By reason of said accident the petitioner's great toe and first toe of the left foot became infected with gangrene, and the two said toes and part of said left foot were amputated, and petitioner was so injured that he was unable to follow his usual or any other occupation from the said 18th day of February, 1924, until the present time, and will be unable to follow his usual or any other occupation until December 23d, 1924, being a period of forty-four (44) weeks, for which he is entitled to compensation at the rate of $17 per week, amounting to $748.

7. Said accident and injury produced, in addition to said temporary disability, a permanent disability, which consists of the loss of the two said toes and part of said left foot, which equals sixty per cent. (60%) of the loss of said left foot, for which said permanent disability he is entitled to seventy-five (75) weeks' compensation at the rate of $17 per week, amounting to $1,275.

It is thereupon, upon this 21st day of November, 1924, ordered that compensation for forty-four (44) weeks temporary disability at $17 per week, and seventy-five (75) weeks permanent disability, which equals the loss of sixty per cent. of the said left foot, at the rate of $17 per week, amounting in all to $2,023, be paid by the respondent to the petitioner.

It is further ordered that Henry Carless, attorney for the petitioner, be allowed as and for his legal services in conducting these proceedings the sum of $250, to be paid by the respondent, and, in addition thereto, the sum of $10 as stenographer's fees, and also the costs allowed by law.

It is further ordered that judgment shall be entered against the respondent in favor of the petitioner in accordance herewith.

HARRY J. GOAS,
*Deputy Commissioner.*